```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

ANGELO RUGGIERO,                    :     10 Civ. 2941 (LMM)
                                          (06 Cr. 985 (LMM) &
                      Petitioner,   :      07 Cr. 927 (LMM))

          -v-                       :     MEMORANDUM AND ORDER

UNITED STATES OF AMERICA,           :

                      Respondent.   :
- - - - - - - - - - - - - - - - - X
```

**1.**

In October of 2007, petitioner pleaded guilty before this Court pursuant to a written plea agreement to one count of an indictment initially filed in the Eastern District of New York ("Eastern District")(in case 07 Cr. 927[1]) and one count of an indictment filed in the Southern District of New York ("Southern District")(in case 06 Cr. 985), charging him, respectively, with conspiracy to commit money laundering and conspiracy to commit extortion.

In March 2008, after a one-week adjournment of sentencing sought by the Government, petitioner's counsel requested that petitioner's sentencing be adjourned indefinitely because petitioner had recently been indicted

---

[1] The Eastern District case (05 Cr. 196) was transferred to this Court for plea and sentencing purposes and was docketed as 07 Cr. 927.

again in the Eastern District. The request was granted. (See Endorsed Memo., Mar. 3, 2008.)

In July of 2008, petitioner pleaded guilty pursuant to a written plea agreement before an Eastern District court to one count of the second Eastern District indictment (in case 08 Cr. 76) charging him with conspiracy to commit murder in aid of racketeering. In November of 2008, petitioner was sentenced in the Eastern District for that count to 84 months' imprisonment and three years' supervised release (hereinafter the "Eastern District sentence").

In April of 2009, petitioner appeared before this Court for sentencing on the conspiracy to commit money laundering and conspiracy to commit extortion counts that he had pleaded guilty to in October of 2007. The Court calculated a Guidelines range of 70-87 months' imprisonment. (Tr., Apr. 8, 2009, at 16:14-22.) Both parties agreed with this calculation. (Id.) The Court imposed a non-Guidelines sentence of 12 months' imprisonment and three years' supervised release on each count to run concurrently with each other and to run consecutively to the Eastern District sentence. (Id. at 35:9-16.) Petitioner now challenges this sentence pursuant to 28 U.S.C. § 2255.

2.

As an initial matter, any challenge to the length of petitioner's sentence is barred by petitioner's express waiver.[2] Petitioner's plea agreement provides that petitioner "will not file an appeal or otherwise challenge by petition pursuant to 28 U.S.C. § 2255 . . . the conviction or sentence in the event that the Court imposes a term of imprisonment of 78 months or below." (Gov't Mem. Ex. B at 6.) Such a waiver is enforceable where the "plea agreement was entered into knowingly and voluntarily, and with awareness of [the defendant's] waiver of appeal and collateral attack." Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir. 2001).

Here, the record demonstrates that petitioner entered into the plea agreement knowingly and voluntarily, and with awareness of the waiver provision. At the plea proceeding, the Court alluded to the waiver provision at least twice (see Tr., Oct. 25, 2007, 5:2-14; 11:7-13) and petitioner specifically acknowledged that he understood the provision's implications. (Id. at 11:7-13.)

Additionally, petitioner does not contend nor do his memoranda suggest that there were any flaws in his

---

[2] Although petitioner seemed to challenge the length of his sentence in his original petition, (see Pet'r's Mem. at 14-15, 17-18, 20), he now asserts that he is only challenging the imposition of a consecutive (rather than concurrent) sentence. (See Pet'r's Reply Mem. at 2.)

3

counsel's advice as to the waiver provision in his plea agreement and thus, there can be no claim that "the plea agreement generally, and the defendant's waiver of appeal specifically, were tainted by ineffective assistance of counsel."  United States v. Henderson, 72 F.3d 463, 465 (5th Cir. 1995) (cited in United States v. Ready, 82 F.3d 551, 555 (2d Cir. 1996)).

In sum, because the Court imposed a sentence of less than 78 months' imprisonment, the waiver provision applies and petitioner cannot challenge the length of his sentence under 28 U.S.C. § 2255.

### 3.

The waiver provision, however, does not bar petitioner from challenging the imposition of a consecutive, rather than concurrent, sentence.  See United States v. Stearns, 479 F.3d 175, 178 (2d Cir. 2007) (holding that a plea agreement provision that waived the right to appeal the length of a sentence does not waive the right to appeal the imposition of that sentence consecutively rather than concurrently).  Thus, as the Government concedes, (Gov't Mem. at 12), petitioner's challenge to this Court's imposition of a consecutive sentence must be considered on the merits.

4

**4.**

Petitioner argues that his counsel was ineffective and that as a result he was prejudiced because he received a consecutive rather than concurrent sentence. To prevail on an ineffective-assistance-of-counsel claim, petitioner "must show (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that as a result he suffered prejudice." United States v. Jones, 482 F.3d 60, 76 (2d Cir. 2006) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

In assessing petitioner's claim, this Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound [legal] strategy." United States v. Gaskin, 364 F.3d 438, 468 (2d Cir. 2004) (quoting Strickland, 466 U.S. at 689)(internal quotations omitted). An attorney's performance must be judged based on "the facts of the particular case, viewed as of the time of counsel's conduct, and [the Court] may not use hindsight to second-guess [counsel's] strategy choices." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994)(internal citations and quotations omitted). Moreover, failure to

5

assert a meritless argument "does not fall outside the wide range of professionally competent assistance." Aparicio v. Artuz, 269 F.3d 78, 99 (2d Cir. 2001)(citing Jameson v. Coughlin, 22 F.3d 427, 429-30 (2d Cir. 1994))(internal quotations omitted).

To establish prejudice, petitioner must show that "there is a reasonable probability that, but for the deficiency, the result of the proceeding would have been different." Aparicio, 269 F.3d at 95 (quoting Strickland, 466 U.S. at 694)(internal quotations omitted).

**5.**

Petitioner first argues that his counsel was ineffective for failing to object to the Government's request for a one-week adjournment of sentencing because a new Assistant United States Attorney had been assigned to the case. (Pet'r's Mem. at 9-11; Pet'r's Reply Mem. at 9-12; Gov't Mem. 17.) Petitioner fails to meet his burden at either prong of the ineffective-assistance-of-counsel analysis -- he does not provide any basis on which his counsel could have objected to the Government's request nor explain how a one-week delay in sentencing would have had any impact on the outcome.

Petitioner also argues that his counsel was ineffective for seeking to adjourn petitioner's sentencing

6

proceedings indefinitely because petitioner had been indicted again in the Eastern District. (Pet'r's Mem. at 9-11; Pet'r's Reply Mem. at 9-12.)  In his request for an adjournment, petitioner's counsel explained that the Government had contacted him about plea discussions and that he was hopeful that the Eastern District case could ultimately be transferred to this Court and consolidated for sentencing.  (See Letter from J. Froccaro, Mar. 3, 2008.)  Requesting an adjournment in light of these considerations was objectively reasonable and even though the cases were not ultimately consolidated, this Court may not use hindsight to second-guess counsel's strategy decisions.  See Mayo, 13 F.3d at 533.

Petitioner also cannot show that he was prejudiced as a result of the adjournment.  Petitioner merely speculates that if he had been sentenced in the Eastern District for conspiracy to commit murder in aid of racketeering after he was sentenced in the Southern District for conspiracy to commit money laundering and conspiracy to commit extortion, then the Eastern District would have imposed a concurrent sentence.  Petitioner's speculation, however, falls short of establishing a "reasonable probability" that the Eastern District court would not have concluded, as this Court did, that the offenses were sufficiently serious and distinct to

7

warrant an incremental punishment and impose a consecutive sentence accordingly.  (See Tr., Apr. 8, 2009, 33:2-13; 34:12-35:13.)

**6.**

Next, petitioner argues that his counsel was ineffective because he failed to argue that Section 5G1.3(b) of the Sentencing Guidelines, which mandates imposition of a concurrent sentence, applied and petitioner's counsel instead argued that Section 5G1.3(c), which gives a court discretion to impose a concurrent, rather than a consecutive, sentence, applied.  (Pet'r's Mem. at 12-15.)  Petitioner's argument hinges on an incorrect interpretation of United States v. Williams, which held that when a plea agreement is silent as to whether the sentence is to run consecutively or concurrently, then the district court must employ the Guidelines, including 5G1.3(b), if applicable.  260 F.3d 160, 166 (2d Cir. 2001).  Williams does not, however, require district courts to apply 5G1.3(b) without first assessing its applicability and in fact, the Second Circuit found that Section 5G1.3(b) did not govern the sentencing in Williams.  (See Williams, 260 F.3d at 166-168.)

Thus, Section 5G1.3(b) did not govern petitioner's sentencing merely because his plea agreement was silent as

8

to whether his sentence should run concurrently or consecutively. Section 5G1.3(b) only applies when a defendant has been sentenced for another offense that is relevant conduct to the instant offense and "was the basis for an increase in the offense level for the instant offense". U.S.S.G. § 5G1.3(b). There, a court must impose the sentence for the instant offense to run concurrently to the remainder of the undischarged sentence of the other offense. Id.; see also United States v. Leo, 706 F. Supp. 2d 544, 546-47 (S.D.N.Y. 2010) (finding that 5G1.3(b), rather than 5G1.3(c), governed defendant's setencing "because [his] prior conviction increased the offense level for the instant offense, thereby placing the case squarely within subsection (b)").

Here, petitioner's Eastern District conviction was not used as a basis to increase the offense level for sentencing before this Court and the conviction was instead used for calculating petitioner's criminal history category. (See Tr., Apr. 8, 2009, 15:23-16:21; see also Presentence Investigation Report at Gov't Mem. Ex. I, ¶¶ 37-56, 89.) Thus, an assertion that Section 5G1.3(b) applied would have been meritless and failure to assert a meritless argument "does not fall outside the wide range of professionally competent assistance." Aparicio, 269 F.3d

9

at 99. Petitioner likewise cannot show that he was prejudiced by his counsel's decision not to raise a futile argument.

**7.**

Finally, the Government concedes and this Court agrees that the imposition of a consecutive term of supervised release was in violation of 18 U.S.C. § 3624(e), which provides, in short, that multiple terms of supervised release must run concurrently. See United States v. Sash, 396 F.3d 515, 525 (2d Cir. 2005) (holding that the imposition of concurrent multiple terms of supervised release was plain error under Rule 52(b) of the Federal Rules of Criminal Procedure). This Court will modify the terms of petitioner's sentence accordingly so that petitioner's three years' supervised release runs concurrent to the Eastern District sentence of three years' supervised release.[3]

**8.**

Petitioner also moves for an evidentiary hearing. (See Pet'r's Mem. at 20.) Petitioner, however, has not alleged any facts that would entitle him to habeas relief and thus, his motion for an evidentiary hearing is denied.

---

[3] A court may modify the terms of a sentence without holding a hearing if the modification is, as it is here, favorable to the defendant. See Fed. R. Crim. P. 32.1(c).

See United States v. Moore, 174 Fed.App'x 603, 604 (2d Cir. 2006)("If the facts alleged by petitioner, even if credited, would not entitle him to habeas relief, the motion should be denied."(citing Ciak v. United States, 59 F.3d 296, 307 (2d Cir. 1995))).

9.

For the above reasons, the term of petitioner's sentence is modified so that his three years of supervised release is to run concurrent to his Eastern District sentence of three years' supervised release and the petition is otherwise denied.

SO ORDERED.

Dated: February 25, 2011

_____
Lawrence M. McKenna
U.S.D.J.